Ejsarson, J.
 

 After a full examination of the pleadings and proofs, we are of opinion that the allegations that the deed of gift mentioned in the pleadings, dated 4th of December, 1846, was executed by Alexander Gilreath at a time when he had not sufficient mental capacity, and that its execution was procured by fraud and undue influence, are not proved. The deposition of William Ivlasten, one of the subscribing witness-* es,. who is admitted to be a man of intelligence and respectability, clearly establishes the mental capacity of the donor, at the time the deed was executed. The deposition of James Calloway, the other subsci’ibing witness, also establishes the mentid capacity. It is true he states some circumstances tending to show weakness of mind and loss of ii.emoiy, and ex
 
 *145
 
 presses the opinion that the donor had so far lost the force of his intellect as to be easily made the subject of imposition, but he was not present at the execution of the deed, and did not see the donor, until five or six weeks afterwards, and in the whole mass of testimony, there is nothing tending to show that the defendant did any thing more to procure the execution of the deed, than was consistent with law and good conscience. A child is allowed to us
 
 efair
 
 argument and persuasion to induce a parent to make a will or deed in his favor.
 

 We
 
 are also, of opinion, that the allegation that the defendant acted as the guardian of his father, or undertook the management of his affairs, or a general agency in respect thereto, whereby he became bound to keep an account of the money, produce, &c., that was at various times received by him, or passed through his hands, is not proved. On the contrary, we are satisfied, from the pleadings and proofs, that he did not undertake to keep an account, and that what was made on the farm, and by the mill and blacksmith shop, and the money that was from time to time received on account of the pension or otherwise, was used by the father and son and their families as an indiscriminate fund for their support and maintenance, without any agreement, or expectation that an account would ever be called for, or could be made out, with the exception of the sum of $525, the price of a negro girl sold by the father, which amount the defendant admits came into his hands. In reference to this sum, the agreement and understanding above referred to, did not apply, so as to make it fall into the fund which was to be used indiscriminately for their jnutual support. Indeed, this is not alleged by the defendant, and he seeks to avoid a liability to account for it, by averring that his father made a gift of the money to him. But he fails to prove this averment, and we are satisfied from the circumstances, and the relation of the parties, it being in
 
 July,
 
 1847, when, according to the weight of the evidence the old man had, failed very rapidly in mind and body, so as to be nearly helpless, that the defendant received this sum in trust, and with, the understanding that he should account therefor.
 

 
 *146
 
 ' ■ The plaintiffs are entitled to a decree for this amount $525 with interest from the first day of July, 184†.
 

 Per Curiam. Decree accordingly.